UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN GRANT,** : | |
| Petitioner : | CIVIL ACTION NO. 3:22-0962 |
| v. : | (JUDGE MANNION) |
| **WARDEN THOMPSON,** : | |
| Respondent : | |

### MEMORANDUM

Petitioner, Brian Grant, an inmate confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Grant challenges the calculation of his release date set by the Federal Bureau of Prisons' ("BOP). Id. He believes that "the BOP violated the terms of the sentence imposed by U.S. District Judge Cynthia M. Rufe, on May 2, 2011, in the United States v. Grant, Criminal No. 09CR000457 judgment (E.D. Penn. May 2, 2011) by failing to run Grant's 210-month term fully concurrent with:

> 120-month (non-relevant conduct) sentence imposed by the state of Pennsylvania on March 31, 2008, in Pennsylvania v. Grant, Case no. CP-51-CR-0512561-2006 judgment vacated and expunged on November 20, 2015, and;

>A 60-month (relevant conduct) sentence imposed by the state of Pennsylvania on September 3, 2008, in <u>Pennsylvania v. Grant</u>, Case no. CP-46-CR-0005652-2007 judgment.

(Doc. 1 at 1). Thus, he "argues that Judge Rufe ordered his federal sentence to run fully concurrently with both his Pennsylvania Sentences pursuant to Sentencing Guideline 5G1.3(b) and (c), but the BOP failed to comply with Judge Rufe's sentence by refusing to give him credit for all the time he served on his relevant conduct Pennsylvania sentence prior to imposition of the federal sentence." <u>Id.</u> For relief, he seeks credit for 968 days "served in his 'undischarged relevant conduct' state offense, bringing his state and federal sentences fully concurrent. A response (Doc. 11) and traverse (Doc. 12) having been filed, the petition is ripe for disposition.

For the reasons that follow, the Court will deny the petition for writ of habeas corpus as to Petitioner's request for credit toward his federal sentence. The Court will direct further briefing with respect to Petitioner's request for a sentence adjustment pursuant to U.S.S.G. §5G1.3(b).

I.   **<u>Background</u>**

On October 24, 2006, Petitioner was arrested by Philadelphia County officials for Manufacturing, Delivering or Possessing a Controlled Substance. (Doc. 11-1 at 6). On March 21, 2007, these charges were withdrawn. <u>Id.</u>

- 2 -

On November 3, 2006, Grant was transferred from Philadelphia County to Montgomery County, Pennsylvania to face a parole violation in that county in Docket Nos. CP-46-CR-0008964-2004 and CP-46_CR-0008964-2004. (Doc. 11-1 at 8-32).

On January 29, 2007, the Montgomery County court sentenced Petitioner to a six-month to eleven-month and twenty-six-day sentence with credit from October 24, 2006, through January 29, 2007. (Doc. 11-1 at 11).

On April 24, 2007, Petitioner completed his parole revocation sentence and was released from custody by Montgomery County officials. (Doc. 11-1 at 6).

On July 28, 2007, Montgomery County Pa. officials again arrested Petitioner in Docket No. CP-46-CR-0005652-2007 for Acquiring or Obtaining Possession of a Controlled Substance. (Doc. 11-1 at 22). On July 31, 2007, Petitioner posted bond and was released from custody. Id.

On November 13, 2007, a jury in the Philadelphia County Court of Common Pleas found Petitioner guilty of Manufacture or Deliver a Controlled Substance by a Person not Registered in Docket No. CP-51-CR-0512561-2006. (Doc. 11-1 at 34, 49).

On March 31, 2008, the Philadelphia County court sentenced Petitioner to a ten-year term of imprisonment, but later vacated this sentence on November 20, 2015. (Doc. 11-1 at 46).

On September 3, 2008, the Court of Common Pleas of Montgomery County sentenced Petitioner to a five-month and twenty-seven-day term of imprisonment for his probation violation in Case No. CP-46-CR-0008964-2004. (Doc. 11-1 at 19). Also on September 3, 2008, Petitioner received a five-year sentence for Acquiring or Obtaining Possession of a Controlled Substance in Case No. CP-46-CR-0005862-2007. (Doc. 11-1 at 29). The state applied 296 days of credit, from November 13, 2007, to September 3, 2008, to case nos. CP-46-CR-0008964-2004 and CP-46-CR-0005862-2004. (Doc. 11-1 at 11, 23).

On December 8, 2009, The United States Marshals Service (USMS) borrowed Petitioner from state custody pursuant to a writ of habeas corpus ad prosequendum to face prosecution in the United States District Court for the Eastern District of Pennsylvania in Criminal Case No. 09-CR-000457. (Doc. 11-1 at 55).

On May 2, 2011, Petitioner pled guilty to Conspiracy to Interfere with Interstate Commerce by Robbery (Count 1); Interference with Interstate

- 4 -

Commerce by Robbery and Aiding and Abetting (Counts 2, 4, 6, 8); Carrying and Using a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting (Counts 3, 5); and Acquiring or Obtaining Possession of a Controlled Substance by Fraud (Count 10). (Doc. 11-1 at 59). The Eastern District Court sentenced him to a 210-month aggregate term of imprisonment consisting of 126 months of Counts 1, 2, 4, 6, and 8; 60 months on Count 10 to run concurrent; and 42 months on Counts 3 and 5 to run consecutive to each other and consecutive to Counts 1, 2, 4, 6, and 8. (Doc. 11-1 at 61). The district court also recommended the sentence run concurrent to his state sentence and that he receive credit for all time served in local, state, and federal custody. Id. Petitioner was returned to Pennsylvania state custody on May 11, 2011, with the federal judgment lodged as a detainer. (Doc. 11-1 at 57).

      On April 4, 2014, the Pennsylvania Department of Corrections paroled Petitioner from state custody and released him to the custody of the USMS to serve his federal sentence. (Doc. 11-1 at 69). His projected release date is March 29, 2026, via good conduct time. (Doc. 11-1 at 86).

## II. Discussion

As mentioned above, Petitioner argues that his federal sentence was to run fully concurrent with his state sentences. He interprets this to mean that his federal sentence should have begun on September 3, 2008, the date his relevant conduct sentence was imposed by the Court of Common Pleas of Montgomery County. In response, Respondent contends that the BOP correctly calculated Petitioner's sentence. In particular, Respondent argues that the time at issue cannot count against his federal sentence because: (1) a sentence cannot commence prior to its date of imposition, and (2) Petitioner cannot receive prior custody credit, because he has already received credit for that period of time against his state sentences and the BOP is statutorily prohibited from double-counting. (Doc. 11).

Under our jurisprudence, the "authority to calculate a federal sentence and provide credit for time served ... [belongs] to the Attorney General, who acts through the BOP." Goodman v. Grondolsky, 427 F. App'x. 81, 82 (3d Cir. 2011) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 333–35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Id. (citing 18 U.S.C. §3585).

In the present case, to the extent Petitioner contends that the BOP should have started counting his federal sentence on the date his relevant conduct state sentence was imposed, September 3, 2008, the Court disagrees.

A federal sentence, "commences when the defendant is received by the Attorney General for service of his federal sentence." See, e.g., Rashid v. Quintana, 372 F. App'x 260, 262–63 (3d Cir. 2010) (citing 18 U.S.C. §3585(a)). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed." Id.; Taylor v. Holt, 309 F. App'x 591, 592–93 (3d Cir. 2009). In other words, "the earliest possible date a federal sentence may commence is the date it was imposed." E.g., Pitts v. Spaulding, No. 15-0644, 2015 WL 8482041, at *4 (M.D. Pa. Dec. 10, 2015) (internal quotation marks omitted).

With those principles in mind, the BOP could not commence Petitioner's federal sentence at any point earlier than its date of imposition, on May 2, 2011. Rashid, 372 F. App'x at 262; Proctor v. Finley, No. 19-630, 2020 WL 618621, at *3 (M.D. Pa. Feb. 10, 2020). At that point, Petitioner was serving his pre-existing Montgomery County sentence of sixty months, which commenced on September 3, 2008. As a result, the BOP could not

have counted the time between September 3, 2008, and May 2, 2011, as ordinary time served against Petitioner's federal sentence. Therefore, since the BOP commenced Petitioner's federal sentence on the date it was imposed, rather than the date he entered BOP custody, his federal sentence is concurrent to his state sentence to the maximum extent permissible by law -- from May 2, 2011 (the date his federal sentence was imposed) until April 4, 2014 (the date he paroled from his state sentence to serve remainder of federal sentence).

Moreover, a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus from non-federal custody because, in such a situation, the state authorities retain primary custody over the prisoner. Holloman v. Warden Fairton FCI, 635 F. App'x 12, 14 (3d Cir. 2015) ("The production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant."); Taccetta v. Federal Bureau of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015) (finding that under the primary custody doctrine, the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign).

- 8 -

Here, on September 3, 2008. Petitioner was in the primary custody of the Commonwealth of Pennsylvania. Petitioner remained in the primary custody of Pennsylvania until April 4, 2014, when he was paroled from his state sentence into federal custody. As it is clear from the case law on this issue, a temporary transfer pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary custody to the transferee authority. Thus, Petitioner remained in the primary custody of Pennsylvania until April 4, 2014, when he was released on parole. Consequently, during the time the USMS borrowed Petitioner from state custody to face federal charges, specifically, December 8, 2009, to May 11, 2011, Petitioner, was in the primary custody of the State of Pennsylvania and the State applied that time toward Petitioner's state sentences.

To the extent that Petitioner argues that he should also receive credit toward his federal sentence from July 28, 2007, through July 31, 2007[1] and

---

[1] This period of time consists of the date Petitioner was brought into custody by Montgomery County officials through the date he posted bail and was released.

November 13, 2007, through September 2, 2008[2], (Doc. 1 at 3), the Court disagrees. Under 18 U.S.C. §3585(b), which governs prior custody credit:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *That has not been credited against another sentence.*

(emphasis added). Consequently, the BOP could not award Petitioner credit on his federal sentence for the time period from July 28, 2007, through July 31, 2007, and November 13, 2007, through September 2, 2008, because the State of Pennsylvania already applied that time to his state sentences. 18 U.S.C. §3585(b). Stated differently, §3585(b) prohibits Petitioner from receiving double credit for that time period.

---

[2] This period of time runs from the date Petitioner was found guilty of his Philadelphia County charges to the date Petitioner pled guilty to the Montgomery charges.

Petitioner's final argument is that he is entitled to a §5G1.3(b) adjustment to his federal sentence. (Doc. 1 at 9). He argues that "based on the (November 20, 2015) vacatur of his non-relevant conduct state offense, [his] Sentencing Guideline application changes from U.S.S.G. 5G1.3(c) to U.S.S.G. 5G1.3(b), thus the only remaining undischarged state case is the 'relevant conduct' case which [Petitioner] was sentenced to 2-5 years on September 3, 2008." Id. Petitioner concludes that "for time already spent in custody for solely relevant conduct, the sentence shall be adjusted downward" and that the application of §5G1.3 "to an undischarged state sentence lies totally within the discretion of the district court." Id. Petitioner claims that he raised this argument before the sentencing court, who, on May 27, 2022, issued an order³ finding that "if applicable as a matter of law,

---

³ The Eastern District's May 27, 2022 Order, acting on Petitioner's motion for reconsideration of their May 10, 2022 Order denying Petitioner's "*Nunc Pro Tunc* Petition" and *pro se* "Motion for Reduction in Sentence under 18 U.S.C. §3582," found that "in his motion [for reconsideration], Grant argues that although his sentence was correct at the time of sentencing, the post-sentencing vacatur of his prior unrelated state sentence entitles him to a downward adjustment under §5G1.3(b) of the Sentencing Guidelines for pretrial detention that is now credited to a related state sentence." See United States v. Grant, Criminal No. 09-0457 (E.D. Pa. Docket Sheet at Doc. 85).
*(footnote continued on next page)*

'section 5GI.3(b) is mandatory,' and under §2241 the 'reviewing court (or the BOP) can definitively determine the amount of an adjustment awarded under section 5G1.3(b)." Id. Respondent does not address Petitioner's request for a sentence adjustment pursuant to U.S.S.G. §5G1.3(b)(1). Petitioner makes note of this in his traverse. (Doc. 12 at 3). As such, the Court will direct Respondent to file a supplemental response addressing Petitioner's request for adjustment of his federal sentence under §5G1.3(b).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED** as to all claims for sentence credit except Petitioner's request for sentence adjustment under U.S.S.G. §5G1.3(b). Respondent will be directed to file a supplemental response.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: January 9, 2024**
22-0962-01

---

The Court found the relief sought by Petitioner to be properly brought under 28 U.S.C. §2241, not §2255. Id.