UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN GRANT,** : | |
| : | **CIVIL ACTION NO. 3:22-0962** |
| **Petitioner** : | |
| : | **(JUDGE MANNION)** |
| v. : | |
| **WARDEN THOMPSON,** : | |
| : | |
| **Respondent** : | |

## MEMORANDUM

Petitioner, Brian Grant, an inmate confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging the calculation of his release date set by the Federal Bureau of Prisons ("BOP"). (Doc. 1). Petitioner believes that "the BOP violated the terms of the sentence imposed by U.S. District Judge Cynthia M. Rufe, on May 2, 2011, in the United States v. Grant, Criminal No. 09CR000457 judgment (E.D. Pa. May 2, 2011) by failing to run Grant's 210-month term fully concurrent with:

> 120-month (non-relevant conduct) sentence imposed by the state of Pennsylvania on March 31, 2008, in Pennsylvania v. Grant, Case no. CP-51-CR-0512561-2006 judgment vacated and expunged on November 20, 2015, and;

> A 60-month (relevant conduct) sentence imposed by the state of Pennsylvania on September 3, 2008, in <u>Pennsylvania v. Grant</u>, Case no. CP-46-CR-0005652-2007 judgment.

(Doc. 1, p. 1). Thus, he "argues that Judge Rufe ordered his federal sentence to run fully concurrently with both his Pennsylvania Sentences pursuant to Sentencing Guideline 5G1.3(b) and (c), but the BOP failed to comply with Judge Rufe's sentence by refusing to give him credit for all the time he served on his relevant conduct Pennsylvania sentence prior to imposition of the federal sentence." <u>Id.</u> For relief, he seeks credit for 968 days "served in his 'undischarged relevant conduct' state offense, bringing his state and federal sentences fully concurrent. This Court issued a Memorandum and Order dismissing all claims for sentence credit except for Petitioner's request for a sentence adjustment under U.S.S.G. §5G1.3(b); ordering Respondent to address that claim in a supplemental response. (Docs. 14-15). Both parties have filed supplemental responses, and the remaining claim of a sentence adjustment is ripe for disposition.

    For the reasons that follow, the Court will deny the remaining claim of petitioner's habeas corpus for lack of jurisdiction.

I.  **Background**

The relevant procedural and factual background is set forth in greater detail in the Court's previous Memorandum issued on January 9, 2024 (Doc. 14), and is fully incorporated herein by reference. Respondent has filed a Supplemental Response addressing Petitioner's remaining claim on February 22, 2024. (Doc. 19). Petitioner has filed a response thereto on March 7, 2024. (Doc. 20).

II.  **Discussion**

As previewed in this Court's previous Memorandum, Petitioner's final argument is that he is entitled to a §5G1.3(b) adjustment to his federal sentence. (Doc. 1, p. 9).  He argues that "based on the (November 20, 2015) vacatur of his non-relevant conduct state offense, [his] Sentencing Guideline application changes from U.S.S.G. 5G1.3(c) to U.S.S.G. 5G1.3(b), thus the only remaining undischarged state case is the 'relevant conduct' case which [Petitioner] was sentenced to 2-5 years on September 3, 2008." Id. Petitioner concludes that "for time already spent in custody for solely relevant conduct, the sentence shall be adjusted downward" and that the application of §5G1.3 "to an undischarged state sentence lies totally within the discretion of the district court." Id. Petitioner claims that he raised this argument before the

- 3 -

sentencing court, who, on May 27, 2022, issued an order[1] finding that "if applicable as a matter of law, 'section 5G1.3(b) is mandatory,' and under §2241 the 'reviewing court (or the BOP) can definitively determine the amount of an adjustment awarded under section 5G1.3(b)." Id. In response, Respondent asserts that Grant's claim to change the Sentencing Guideline application in his case from a §5G1.3(c) to §5G1.3(b) conflates a sentencing court's ability to make a Sentencing Guidelines adjustment with the BOP's authority to credit his sentence under 18 U.S.C. §3585(b). The Court agrees.

As explained in the Court's previous Memorandum, the "authority to calculate a federal sentence and provide credit for time served ... [belongs] to the Attorney General, who acts through the BOP." Goodman v.

---

[1] The Eastern District's May 27, 2022 Order, acting on Petitioner's motion for reconsideration of their May 10, 2022 Order denying Petitioner's "*Nunc Pro Tunc* Petition" and *pro se* "Motion for Reduction in Sentence under 18 U.S.C. §3582," found that "in his motion [for reconsideration], Grant argues that although his sentence was correct at the time of sentencing, the post-sentencing vacatur of his prior unrelated state sentence entitles him to a downward adjustment under §5G1.3(b) of the Sentencing Guidelines for pretrial detention that is now credited to a related state sentence." See United States v. Grant, Criminal No. 09-0457 (E.D. Pa. Docket Sheet at Doc. 85). The Court found the relief sought by Petitioner to be properly brought under 28 U.S.C. §2241, not §2255. Id.

Grondolsky, 427 F. App'x. 81, 82 (3d Cir. 2011) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 333–35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Id. (citing 18 U.S.C. §3585). "This is where the Bureau of Prisons comes in—which ultimately has to determine how long the District Court's sentence authorizes it to continue [a prisoner's] confinement. [A prisoner] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment … [i]f the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus [under 28 U.S.C §2241]." Setser v. United States, 566 U.S. 231, 244 (2012) (internal citations omitted).

On the other hand, §5G1.3 advises a sentencing court (not the BOP) how to treat undischarged terms of imprisonments when ordering a federal sentence. See Peugh v. United States, 569 U.S. 530, 536 (2013). A claim relating to the application of §5G1.3 as a downward adjustment goes to the issue of sentencing and is not properly raised in a petition for a writ of habeas

corpus under 28 U.S.C. §2241. The Third Circuit case of <u>Savage v. Zickefoose</u> is instructive on the issue:

> To the extent that [a Petitioner] alleged that the sentencing court should have provided for concurrent federal and state sentences under U.S.S.G. §§5G1.3(b) and 5G1.3(c), the District Court properly dismissed his claims [under 28 U.S.C. §2241] for lack of jurisdiction. A motion filed under 28 U.S.C. §2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek relief under §2241 only if the remedy provided by §2255 is inadequate or ineffective to test the legality of his detention. <u>In re Dorsainvil</u>, 119 F.3d 245, 249–51 (3d Cir. 1997). A §2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of §2255, <u>Okereke</u>, 307 F.3d at 120, or because the sentencing court does not grant relief, <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under §2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. <u>Okereke</u>, 307 F.3d at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d at 251).

446 F. App'x 524, 525-526 (3d Cir. 2011).

Here, Grant argues that the vacatur of his prior unrelated State sentence "entitles him to a downward adjustment under Section U.S.S.G. 5G1.3(b) for pretrial detention that is now credited to a related State sentence." (Doc. 20, p. 2). As explained, this request—whether Grant is entitled to it or not—goes to the validity of his sentencing and relief may be sought under §2241 only if the remedy provided by §2255 is inadequate or ineffective. Grant has not made that showing. Furthermore, Grant's bare assertion that he considers his original sentence to be correctly calculated by the sentencing court does little to change the essence of his request.

As to the Eastern District's order, finding that "if applicable as a matter of law, 'section 5G1.3(b) is mandatory,' and under §2241 the 'reviewing court (or the BOP) can definitively determine the amount of an adjustment awarded under section 5G1.3(b)," this Court agrees. If Grant was successful in seeking a §2241 petition to review this claim because the remedy provided by §2255 was inadequate or ineffective, this Court would have jurisdiction over the claim. Also true, a reviewing court and the BOP are capable of "definitively determining the amount of an adjustment awarded under section 5G1.3(b)" as was noted by the Third Circuit in Mehta v. Wigen, 597 F. App'x

676, 680 (3d Cir. 2015). However, *applying* a downward adjustment under §5G1.3 (as opposed to *determining the amount*) remains in the purview of the sentencing court. <u>Mehta</u> is clear on this point:

> U.S.S.G. §5G1.3(b). In applying this provision, a *sentencing court* first calculates the relevant Guidelines range for the instant offense. See U.S.S.G. §5G1.3 cmt. n. 2D. The *court* then determines what total prison term would be appropriate. *See id.* Finally, the *court* subtracts from that term the amount of time that the defendant has already served on his other, undischarged term to arrive at the actual sentence for the instant offense. *See id.* That sentence is then run concurrent with the undischarged term. *See id.*

597 F.App'x at 679-80. <u>Mehta</u> underscores the clear distinction between a sentencing court's ability to apply the provisions of the Sentencing Guidelines versus the BOP's authority under 18 U.S.C. §3585(b) to determine whether an inmate is entitled to sentence credits. <u>Id</u>. Accordingly, the remaining claim in Petitioner's §2241 petition is not properly raised in such a petition and dismissed for lack of jurisdiction.

### III. Conclusion

For the reasons stated above, the remaining claim of the petition for a writ of habeas corpus will be **DENIED without PREJUDICE** for lack of jurisdiction.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: January 2, 2025**
22-0962-03